**BLACK CRYSTAL COAL COMPANY, a co-partnership composed of Clifford Gaither and Bonnie Gaither; and Clifford Gaither and Bonnie Gaither, d/b/a Cedar Creek Coal Company, Appellants,**

v.

**GARLAND COAL & MINING COMPANY, a corporation; and The Investors' Mortgage Security Company, Limited, a corporation, Appellees.**

No. 6048.

United States Court of Appeals
Tenth Circuit.
June 1, 1959.

**570**

Charles Hill Johns, Oklahoma City, Okl., and Cleon A. Summers, Muskogee, Okl. (Anita Ellerbee and Smith, Johns & Neuffer, Oklahoma City, Okl., on the brief), for appellants.

Kelly Brown, Muskogee, Okl., and Hugh M. Bland, Fort Smith, Ark., for appellees.

Before MURRAH, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case presents the question of the liability of the lessee of one tenant in common to the other tenant in common and its lessee for coal mining operations.

The surface of the land involved and one-half of the mineral rights were owned by J. M. and Lizzie Gideon who gave a coal mining lease covering their one-half interest to appellant-defendant Black Crystal Coal Company, a partnership composed of Clifford and Bonnie Gaither. The Black Crystal interest passed to Clifford Gaither, doing business as Cedar Creek Coal Company. The other one-half interest in the minerals was owned by appellee-plaintiff The Investors' Mortgage Security Company, Limited, which leased to Garland Coal & Mining Company.

Cedar Creek entered upon the premises and mined coal. Garland and Investors' Mortgage Security sued to enjoin the Cedar Creek operations and to recover for the coal mined and sold. On trial the court found that Cedar Creek had mined 4,933.6 tons of coal and had sold that coal at $6.70 per ton. After determining and deducting from the sale price the reasonable and necessary expenses of extracting and marketing of the coal, the court held that $2 per ton "would be adequate compensation" and awarded to Garland and Investors' Mortgage Security for their one-half interest judgment for $4,933.60 against Black Crystal, Cedar Creek and the two Gaithers.

When one tenant in common enters upon the premises of the tenancy and produces minerals therefrom, he is liable to account to his cotenants for the market value of such production less the reasonable expense of developing, extracting and marketing the same.[1] Appellants recognize this rule but attack the

1. Prairie Oil & Gas Co. v. Allen, 8 Cir., 2 F.2d 566, 574, 40 A.L.R. 1389; Essley v. Mershon, Okl., 262 P.2d 417, 420; Mershon v. Essley, 204 Okl. 660, 233 P. 2d 293, 297; Meeker v. Denver Producing & Refining Co., 199 Okl. 455, 188 P. 2d 854, 856; Earp v. Mid-Continent Petroleum Corporation, 167 Okl. 86, 27 P. 2d 855, 858, 91 A.L.R. 188; Moody v. Wagner, 167 Okl. 99, 23 P.2d 633, 635.

findings of the trial court as to the deductible expenses. The evidence in regard thereto was conflicting and there was substantial evidence to support the findings of the court. Such findings are not clearly erroneous and must be sustained.[2]

By way of counterclaim, the appellant-defendants asserted that they had been deprived of profits on their coal-mining operations by the conduct of the appellee-plaintiffs and the institution of this lawsuit. After the filing of the complaint the court denied injunctive relief but held that the plaintiffs were entitled to security to assure payment of any amounts found due on an accounting. The defendants did not file the required bond but instead ceased their operations and moved off their equipment. While it is true that one tenant in common may not exclude his cotenant from the premises held in common,[3] there was no such exclusion here. Upon the filing of the bond to protect the plaintiffs' recovery after accounting, the defendants could have continued their operations. They chose not to do so. There is no claim or evidence that the suit was prosecuted maliciously or without probable cause.[4] Indeed, the contrary appears. If the defendants failed to recover the maximum profits, it was only because they discontinued operations when further operations were possible upon the furnishing of security to protect the cotenant.

Finally, appellants argue that there should have been no judgment against Black Crystal because it had assigned to Cedar Creek. The terms of the assignment appear nowhere in the record. There is no showing that this issue was ever presented to, or considered by, the trial court. It was not mentioned in the Statement of Points. The point may not be raised for the first time in this court.[5]

Affirmed.

2. Standard Oil Company v. Standard Oil Company, 10 Cir., 252 F.2d 65, 72, and cases cited in Note 16.

3. Prairie Oil & Gas Co. v. Allen, supra.

4. Cf. 7 Moore, Federal Practice, p. 1659; United Motors Service v. Tropic-Aire, 8 Cir., 57 F.2d 479; Greenwood County v. Duke Power Co., 4 Cir., 107 F.2d 484, 487, 131 A.L.R. 870, certiorari denied 309 U.S. 667, 60 S.Ct. 608, 84 L.Ed. 1014.

5. Stadia Oil & Uranium Company v. Wheelis, 10 Cir., 251 F.2d 269, 276; Marteney v. United States, 10 Cir., 245 F.2d 135, 140.